UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN KHENAISSER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SALLY JEWELL, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1205 MCE CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

Defendants' motion to dismiss came on regularly for hearing on February 3, 2016. Plaintiff Mazen Khenaisser appeared in propria persona. Chi Soo Kim appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims of discrimination arising out of his employment as a civil engineer in the Bureau of Reclamations Design and Construction Division, Mid-Pacific Region. Plaintiff resigned on June 19, 2014, the same day he received a letter of proposed removal for making alarming statements found to be threatening. The letter was withdrawn after plaintiff resigned.

Plaintiff filed a grievance on July 18, 2014 and requested union representation. On the same day, plaintiff confirmed in an e-mail to Sonya Johnson, contract EEO counselor for the Bureau of Reclamation, that he was pursuing only the grievance procedure regarding his

1

resignation and that he was not filing an EEO complaint with respect to the resignation. Reply, ECF No. 20-1 at p.5. The grievance was denied at the first level on August 8, 2014 and again at the second level of grievance on August 26, 2014. Defendant Pederson, president of the National Federation of Federal Employees ("NFFE") on October 27, 2014 corresponded with plaintiff by e-mail, advising plaintiff that the Union would not represent plaintiff in arbitration because plaintiff had resigned his position, and as such, the Union had no legal standing. ECF No.1 at p. 63.

On October 30, 2014, plaintiff contacted an EEO official, and after an interview with an EEO counselor, plaintiff filed an EEO complaint on December 23, 2014 for discrimination on the basis of race, religion, national origin, physical disability (back discomfort), mental disability, and reprisal. Plaintiff complained about the union president declining to provide plaintiff with union representation. The Bureau of Reclamation issued its Final Agency Decision on May 4, 2015 dismissing the EEO complaint because it alleged discriminatory acts by the union, which is not a federal department or agency.

The instant complaint was filed on June 4, 2015. Plaintiff alleges discrimination on the basis of race, religion, national origin, physical disability, mental disability and reprisal. Plaintiff again alleges discrimination on the part of the union president for failing to provide representation. Specifically, plaintiff alleges that "[o]n November 10th, 2014, the NFFE President declined to offer my grievance representation for arbitration accepting final decision from the Agency that discrimination is an EEO matter and is excluded from the Contract." Comp. at 2, Item 4. Plaintiff also alleges retaliation for participating in ADR in May 2015 and pre-counseling in June.

Defendant moves to dismiss for lack of subject matter jurisdiction and for failure to state a claim. Defendant contends this court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies and because this court does not have jurisdiction over unfair labor practice claims. Defendant also contends that defendants Pederson and Murillo are not proper parties and should be dismissed with prejudice. These contentions are correct.

/////

2

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

Federal subject matter jurisdiction is lacking where a plaintiff fails to exhaust administrative remedies before seeking adjudication of a Title VII claim. See Lyons v. England, 307 F.3d 1092, 1103 (9th Cir. 2002). The exhaustion requirement also applies to disability discrimination claims brought under the Rehabilitation Act. See Boyd v. U.S. Postal Serv., 752 F.2d 410, 412-13 (9th Cir. 1985).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Defendant Pederson is the President of the National Federation of Federal Employees Local 951 and defendant Murillo is the Bureau of Reclamation Regional Director of the Mid-Pacific Region. The head of the federal agency at issue is the only proper defendant in this action. See 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1); Vinieratos v. United States, 939 F.2d 762, 772 (9th Cir. 1991). As such, the only properly named defendant is defendant Sally Jewell, the Secretary of the Interior, in her official capacity. Defendants Pederson and Murillo should therefore be dismissed with prejudice.

In the complaint, plaintiff alleges unfair labor practice claims pursuant to the Federal Service Labor-Management Relations Statute, 5 U.S.C. § 7101 et seq. Judicial review of such claims, however, is limited to "the United States court of appeals in the circuit in which the person resides or transacts business or in the United States Court of Appeals for the District of Columbia." 5 U.S.C. § 7123(a); see also Am. Fed'n of Gov't Employees v. Sec'y of the Air Force, 716 F.3d 633, 637 (D.C. Cir. 2013). This court therefore lacks jurisdiction over the unfair labor practice claims and these claims should be dismissed without leave to amend in this court since amendment would be futile.

With respect to plaintiff's remaining claims of discrimination and retaliation, plaintiff has exhausted only those claims relating to the union president's declination to represent plaintiff in his grievance. These are the only claims presented in plaintiff's December 23, 2014 EEO Complaint. Plaintiff's new claims relating to discrimination in his alleged termination and non-selection for the Project Manager position are not reasonably related to the allegations of the EEO charge and such claims should be dismissed for failure to exhaust administrative remedies. See Stache v. Int'l Union of Bricklayers & Allied Craftsmen, AFL-CIO, 852 F.2d 1231, 1234 (9th Cir. 1988). Because plaintiff has failed to exhaust these claims, this court lacks subject matter jurisdiction over plaintiff's new claims regarding his termination and Project Manager position.

As to plaintiff's remaining claims arising out of alleged discrimination by the union president for declining to represent plaintiff, such conduct does not constitute an adverse employment action and is not attributable to the federal agency. Plaintiff therefore fails to state a prima facie discrimination claim. See Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (plaintiff must show he belongs to protected class, was qualified for position, subjected to adverse employment action, and similarly situated individuals outside protected class were treated more favorably); see also Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000) (employment actions constituting adverse actions include termination, dissemination of negative employment reference, issuance of undeserved negative performance review or refusal to consider plaintiff for promotion); Kim v. Potter, No. 05–00332 JMS/LEK, 2008 WL 483596, at *17 (D. Haw. Feb. 22, 2008) (denial of union representation not adverse employment action). Plaintiff's retaliation claim is similarly deficient in that plaintiff fails to demonstrate any causal nexus between his participation in the EEO process and any adverse employment action. See Villiarimo v. Aloha Island Air., Inc., 281 F.3d 1054, 1064-65 (9th Cir. 2002) (for prima facie retaliation claim, plaintiff must show he engaged in statutorily protected activity, adverse employment action thereafter taken against him, and causal link connected the two events). Finally, with respect to plaintiff's disability discrimination claim, plaintiff fails to allege that he is disabled and refers only to back pain because of improper seating arrangements. Compl. at 2, Item 3. This allegation falls woefully short of the requirement under the Rehabilitation Act that plaintiff have a physical or mental impairment that substantially limits one or more of the major life activities in order to state a claim under that Act. See Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007); 42 U.S.C. §§ 12112(a), 12102; 29 U.S.C. § 705(9)(B); 29 C.F.R. § 1630.2(g).

Although plaintiff proffers no argument in his opposition or at oral argument which suggests that amendment would be anything other than futile, in light of plaintiff's pro se status, the court will recommend that the exhausted discrimination claims be dismissed with leave to amend.[1]

---

[1] Plaintiff is reminded that as a pro se litigant, he is subject to Federal Rule of Civil Procedure 11(b) and that any amended complaint must be filed in conformity therewith.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 18) be granted;

2. Defendants Pederson and Murillo be dismissed with prejudice;

3. The unfair labor practice claims be dismissed without prejudice to their renewal in the proper forum;

4. The discrimination claims related to plaintiff's alleged termination and non-selection for the Project Manager position be dismissed for lack of subject matter jurisdiction;

5. The exhausted claims for discrimination be dismissed with leave to amend; and

6. Plaintiff be granted leave to file an amended complaint setting forth only exhausted claims for discrimination within thirty days of adoption of the herein findings and recommendations; any amended complaint consist of separately and sequentially numbered allegations in accordance with Federal Rule of Civil Procedure 10(b), with each claim set forth separately, and in conformance with the general format of documents required under Local Rule 130(b), (c) and (d); and defendant be granted 30 days thereafter to respond to the amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 khenaisser1205.mtd.57

6