UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAZEN KHENAISSER,<br><br>        Plaintiff,<br><br>    v.<br><br>SALLY JEWELL, et al.,<br><br>        Defendants. | No. 2:15-cv-1205 MCE CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Defendants' motion to dismiss came on regularly for hearing on June 15, 2016. Plaintiff Mazen Khenaisser appeared in propria persona. Chi Soo Kim appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims of discrimination arising out of his employment as a civil engineer in the Bureau of Reclamations Design and Construction Division, Mid-Pacific Region. This matter was previously heard on defendants' motion to dismiss, which was granted with leave to amend as to certain claims. ECF No. 29. Plaintiff filed a first amended complaint on March 11, 2016. ECF No. 30.[1] Defendants move to dismiss the amended complaint with prejudice, contending that this court lacks subject matter jurisdiction over certain claims and that

---

[1] Prior to the filing on March 11, 2016 of the first amended complaint, plaintiff filed another amended complaint, which was stricken as premature. ECF Nos. 26, 27.

1

the remaining claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). ECF No. 32.

In the first amended complaint, plaintiff alleges a claim for defamation, arising in part from allegations made by agency employees that plaintiff put his fist in a manager's face. ECF No. 30 at p. 20, ¶ 10(d). Plaintiff also alleges defamation of character and that he was slandered by an employee "putting words in my mouth." ECF No. 30, ¶¶ 3(b), 4(c), 5(c), 6(a), 10(b), 10(g), 10(h), 12(f). Defendant moves to dismiss for lack of subject matter jurisdiction plaintiff's claim for defamation. Defendant contends this court lacks jurisdiction because the United States has not waived sovereign immunity over such a claim. This contention is correct.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

Absent a waiver, sovereign immunity shields the United States and its agencies from suit. See Loeffler v. Frank, 486 U.S. 549, 554 (1988). Sovereign immunity is jurisdictional in nature. See United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). This court has jurisdiction over plaintiff's claims against the United States for

/////

2

defamation only where there is an express waiver of sovereign immunity. See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

Under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2680(h), any claims for libel, slander, misrepresentation or deceit are expressly excluded from the general waiver of sovereign immunity for tort claims. See 28 U.S.C. § 2674(b) ("The United States [is] liable ... in the same manner and to the same extent as a private individual under like circumstances."); see also 28 U.S.C. § 1346(b)(1) (conferring original jurisdiction on district court over tort claims). Accordingly, plaintiff's defamation claims are barred in this court and must be dismissed without leave to amend. See Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1206-1207 (9th Cir. 1988) (slander and libel claims barred under 28 U.S.C. § 2680(h) dismissed without leave to amend).

Defendant also moves to dismiss the amended complaint for failure to state a claim. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In the first amended complaint (ECF No. 30), plaintiff names as a defendant Benjamin Wagner, United States Attorney. No allegations are made against this defendant in the body of the complaint. As noted in the prior findings and recommendations (ECF No.24), which were

adopted by the District Court (ECF No. 29), the only properly named defendant is defendant Sally Jewell, the Secretary of the Interior, in her official capacity. See 42 U.S.C. § 2000e-16(c) (Title VII); 29 U.S.C. § 794a(a)(1); Vinieratos v. United States, 939 F.2d 762, 772 (9th Cir. 1991). As such, defendant Benjamin Wagner should be dismissed with prejudice.

In the amended complaint, plaintiff has restated his claims for disability discrimination. However, the first amended complaint does not cure the deficiencies this court found in the original complaint. Plaintiff's disability claim is premised on "back discomfort" allegedly caused by improper seating arrangements. Such a claim falls far short of the requirement under section 501 of the Rehabilitation Act[2] that plaintiff have a physical or mental impairment that substantially limits one or more of the major life activities in order to state a claim under that Act. See Walton v. U.S. Marshals Serv., 492 F.3d 998, 1005 (9th Cir. 2007); 42 U.S.C. §§ 12112(a), 12102; 29 U.S.C. § 705(9)(B); 29 C.F.R. § 1630.2(g).

The amended complaint also reprises plaintiff's discrimination claims on the basis of religion, national origin and race. Again, as with the original complaint, plaintiff fails to establish a prima facie case under Title VII. See Leong v. Potter, 347 F.3d 1117, 1124 (9th Cir. 2003) (to state a prima facie discrimination claim, plaintiff must show he belongs to protected class, was qualified for position, subjected to adverse employment action, and similarly situated individuals outside protected class were treated more favorably). The amended complaint alleges discrimination on the basis of religion (non-Jewish) but does not allege any discrimination based on religion other than alleging that the Branch Chief collaborated with another Jew because they went to the same synagogue together. This conclusory allegation does not set forth a sufficient basis for religious discrimination. Similarly, the amended complaint sets forth no allegations related to national origin. Also deficient are the allegations relating to racial discrimination in which plaintiff alleges that the Branch Chief is a racist because the Branch Chief responded to plaintiff's Union grievance by informing plaintiff that discrimination was an EEO matter and was

---

[2] Section 501 of the Rehabilitation Act is the exclusive remedy for disability discrimination in employment for federal employees. See Boyd v. United States Postal Serv., 752 F.2d 410, 412-13 (9th Cir. 1985). The Act incorporates the definition of disability set forth under the Americans with Disabilities Act ("ADA"). Walton, 492 F.3d at 1005.

4

excluded from contract. In sum, all of plaintiff's discrimination claims contain only conclusory allegations which are insufficient to support a claim for discrimination on the basis of religion, national origin and race.

Plaintiff's claim for retaliation is similarly deficient. Plaintiff asserts that the Branch Chief retaliated against plaintiff by subjecting him to "Direct Orders" which provided instruction of weekly substantive work tasks and allocated plaintiff's time between these tasks. To establish a prima facie case of retaliation, plaintiff must show that he engaged in statutorily protected activity, that an adverse employment action was thereafter taken against him, and a causal link between the two events. See Villiarimo v. Aloha Island Air., Inc., 281 F.3d 1054, 1064-65 (9th Cir. 2002). The amended complaint is simply devoid of such allegations and this claim should be dismissed.

This court lacks jurisdiction over plaintiff's remaining claims because plaintiff's exclusive remedy for his employment related disputes is the Civil Service Reform Act ("CSRA"). Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008). In the amended complaint, plaintiff raises several challenges related to his employment including mediation, discipline, non-selection for a promotion and a reassignment request. Such actions are encompassed within the definition of "personnel action" under the CSRA and accordingly are preempted. See 5 U.S.C. § 2302(a)(2)(A) (definition of "personnel action" includes any appointment, promotion, disciplinary action, transfer, reassignment, performance evaluation, or other significant change in duties, responsibilities, or working conditions); Mangano, 529 F.3d at 1246 (CSRA exclusive even when no administrative or judicial remedy available).

Plaintiff has been afforded an opportunity to amend the complaint after being fully apprised of the prima facie elements of his claims. The amended complaint fails to cure the deficiencies and plaintiff raised no argument, either in opposition to the pending motion or at oral argument, that suggests amendment would be anything other than futile. The amended complaint should be dismissed with prejudice.

/////

/////

5

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 32) be granted without leave to amend;

2. This action be dismissed and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 khenaisser1205.mtd.2.57